Jonah A. Grossbardt (State Bar No. 283584)
Matthew L. Rollin (State Bar No. 332631)
**SRIPLAW**
8730 Wilshire Boulevard
Suite 350
Beverly Hills, California 90211
323.364.6565 – Telephone
561.404.4353 – Facsimile
Jonah.grossbardt@sriplaw.com
Matthew.rollin@sriplaw.com

Attorneys for Plaintiff
ALISON LORRAINE MCCABE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALISON LORRAINE MCCABE pka ALISON LORRAINE,<br><br>Plaintiff,<br><br>v.<br><br>SONY MUSIC HOLDINGS INC. dba SONY MUSIC ENTERTAINMENT and SONY MUSIC PUBLISHING (US) LLC,<br><br>Defendants. | Case No.: 2:22-cv-00117<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**Demand for Jury Trial** |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
## (INJUNCTIVE RELIEF DEMANDED)

Plaintiff ALISON LORRAINE MCCABE by and through undersigned counsel, bring this Complaint against Defendants SONY MUSIC HOLDINGS INC. dba

SRIPLAW
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

SONY MUSIC ENTERTAINMENT and SONY MUSIC PUBLISHING (US) LLC for damages and injunctive relief, and in support thereof states as follows:

## SUMMARY OF THE ACTION

1. Plaintiff Alison Lorraine McCabe p/k/a Alison Lorraine ("Lorraine") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Plaintiff's original copyrighted work.

## THE PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Alison Lorraine McCabe is an independent songwriter, who writes, produces, manufactures, licenses, publishes, sells, and distributes commercial sound recordings. Through substantial investments of time, money, and creative efforts, Lorraine has developed and licensed popular music. Lorraine resides in Doylestown, Pennsylvania.

3. Defendant SONY MUSIC HOLDINGS INC. DBA SONY MUSIC ENTERTAINMENT ("SME") is a Delaware Corporation. SME has corporate offices located at 10202 W. Washington Boulevard, Culver City, California, 10232. SME is a multinational record company that produces, manufactures, sells, distributes and licenses commercial sound recordings in California. SME is also registered to do business in California with the California Secretary of State.

4. Defendant SONY MUSIC PUBLISHING (US) LLC ("SMP") is a Delaware Limited Liability Company. SMP has corporate offices located at 10202 W. Washington Boulevard, Culver City, California, 10232. As the owner of the largest music catalog in the world, it acquires, licenses and otherwise exploits musical

compositions, both in the United States and California. SMP is also registered to do business in California with the California Secretary of State.

5. Both SME and SMP are referred to herein collectively as "Defendants".

6. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

7. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

8. Defendants are subject to personal jurisdiction in California.

9. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

## THE COPYRIGHTED WORK AT ISSUE

10. In 1998, Lorraine created the song entitled "Something About You", referred to herein as the "Work" or "Song". Lorraine will submit audio and video recordings of the Song to the Court.

11. Lorraine registered the Work with the Register of Copyrights in 1998 and was assigned the registration number SRu 384-564. The Certificate of Registration is attached hereto as Exhibit 1.

12. At all relevant times Lorraine was the owner of the copyrighted Work at issue in this case.

## NATURE OF THE CASE

13. Lorraine has gained a reputation for excellence in songwriting through major contest wins. "Something About You" won Song of the Year in September 2004, and another song, "Fate," was placed onto the Dawson's Creek Season Six

soundtrack by Sony Pictures Television. Through indie labels, Lorraine has had hit songs in specific territories.

14. In March 2004, Lorraine licensed "Something About You" for a term of 8 years to Swedish independent label Deeplay Music. The license is attached hereto as Exhibit 2. Lorraine retained 100% of her writer and publisher performance shares and rights to the Work, respectively. The Song was released in September of 2005 and Lorraine collected performance royalties through ASCAP. A copy of the release is attached hereto as Exhibit 3. A copy of the song is attached hereto as Exhibit 4 and will be conventionally filed with the Court. A copy of the ASCAP statement is attached hereto as Exhibit 5.

15. The contract with Deeplay Music ended in 2012. No extensions were offered or signed, and Lorraine has not signed any third-party agreements whatsoever for the Song since.

16. The Song remains popular in certain territories, notably South Africa and Botswana, with millions of views on various YouTube channels, including https://www.youtube.com/watch?v=wApOEgteOM0.

17. In early November of 2019, Lorraine discovered that a copy of "Something About You" had been commercially released without her knowledge, consent, license or compensation. Titled "Something About You – Sha Sha ft. DJ Maphorisa and Kabza De Small" (the "Infringing Work"), the Infringing Work was released as part of a project called "Blossom" ("Project") by SME. Lorraine will submit audio and video recordings of the Infringing Work to the Court. A copy of the infringing work is attached hereto as Exhibit 6 and will be conventionally filed with the Court. A copy of the Project listing is attached hereto as Exhibit 7.

18. Lorraine was shocked when she discovered that SME, along with SMP, also wrongfully assigned writing credits on her Song – and thus writer's royalty percentages and rights - to three additional individuals 21 years after it was written solely by Lorraine. These individuals are Charmine Mapimbiro and Kabelo Motha (both listed as "composer" and "lyricist"), and Thabo Ngubani (listed as "composer," "lyricist," and "producer"). A copy of the Infringing Work song credits is attached hereto and marked Exhibit 8.

19. Lorraine was able to download the MP3 file of the Infringing Work via https://zamusic.org/sha-sha-something-about-you/.

20. The Infringing Work was released on or about November 1, 2019.

21. Defendants used Lorraine's words and music from her Song to create the Infringing Work.

22. Defendants have not obtained permission to use her copyrighted Work, nor provided her compensation. While Defendants and others have received accolades and substantial profits from their Infringing Work. Lorraine has received no remuneration of any kind.

23. Lorraine brings this action to vindicate her rights for the deliberate taking of her Work, to recover damages, and to ask that Defendants be required to disgorge their ill-gotten profits attributable to their infringement and cease and desist their continued, unauthorized use of Lorraine's Work, provide credit and compensation rights and interests in the infringing Work.

## INFRINGEMENT BY DEFENDANTS

24. On November 4, 2019, Lorraine informed her performance rights society, ASCAP, of Defendants' unauthorized recording of "Something About You" as well as SMP's illegal assignment of three new authors to the Song. ASCAP investigated the issue with Defendants and instructed Lorraine she "may have to attempt to escalate this with Sony directly". A copy of the email chain is attached hereto as Exhibit 9. ASCAP also contacted SMP, and when asked about its claim as a publisher of "Something About You," SMP's emailed response was: "We should have a claim to 'Something About You' o/b/o Themba Sekowe". A copy of the email chain is attached hereto as Exhibit 10. Lorraine has no knowledge of or agreement with Themba Sekowe, SMP, or SME.

25. Subsequently, Lorraine filed a YouTube Copyright Complaint to take down Defendants' YouTube channel. YouTube's initial response to Lorraine was to "reach out to your label," even though Lorraine was not signed or otherwise affiliated with any label at the time. A copy of the copyright complaint to YouTube and subsequent responses is attached hereto as Exhibit 11. Lorraine followed up by detailing her status as the sole writer of "Something About You" and 100% controlling owner. Lorraine verified it with a link to the Song's entry on ASCAP's ACE Repertory, and on November 8, 2019, YouTube removed the content.[1]

26. On December 12, 2019, with complete disregard for Lorraine's YouTube Copyright Complaint and her rights as the sole writer and publisher of the song,

---

[1] https://www.youtube.com/watch?v=E4PjweW-GqQ.

6

COMPLAINT FOR COPYRIGHT INFRINGEMENT                                    CASE NO.: 2:22-CV-00117

another ad-based video channel [https://www.youtube.com/watch?v=QWXBeMEFn80[2]] that links back to Defendants' url: https://www.youtube.com/watch?v=E4PjweW-GqQ appeared on YouTube and active to this day.

27. On December 23, 2019, Lorraine sent a cease-and-desist letter, marked "Legal," via certified US mail to SME in New York. A copy of the cease-and-desist letter is attached hereto as Exhibit 12. In January 2020, Defendants returned her letter unopened, with "Return to Sender" written on the envelope. A copy of the returned envelope is attached hereto as Exhibit 13.

28. On February 25, 2020, Lorraine telephoned SME's headquarters to speak to Sony's legal department regarding the returned cease-and-desist letter. A female operator forwarded Lorraine to a voicemail. Lorraine left a message regarding the cease-and-desist letter and her phone number but did not receive a return call.

29. Lorraine called again on February 27, 2020, this time speaking with a man named "Richard," who stated, "You must have your representative – a manager or lawyer – contact us." Lorraine informed Richard that she did not have a manager or lawyer and was representing herself. "Richard" again refused to forward Lorraine to SME's legal department, and instead offered the phone number of Sony SyncShop in Los Angeles.

---

[2] This URL links to https://www.youtube.com/watch?v=E4PjweW-GqQ which has been taken down.

COMPLAINT FOR COPYRIGHT INFRINGEMENT                                    CASE NO.: 2:22-CV-00117

30. On February 28, 2020, Lorraine emailed Sony SyncShop to determine if her Song was in Sony's licensing system. On March 2, 2020, Lorraine received an emailed response: "The only version I see in our system is the Sha Sha one…" Lorraine followed up with a request for more information regarding the Sha Sha release, but on March 6, 2020, she received this response: "Unfortunately we have no licensing information in our system about this song, it doesn't look like it's been licensed before." A copy of this email chain is attached hereto as Exhibit 14.

31. On March 6, 2020, Lorraine telephoned SME a third time, and spoke once again with "Richard," who refused to forward Lorraine's call to SME's legal department.

32. Following Lorraine's unsuccessful attempts to enforce her copyright, she retained a New York-based attorney at significant expense.

33. Months of back-and-forth communications followed, which produced email exchanges between Lorraine's attorney and SMP. SMP's Rowlin Naicker and his colleague Shakeifa Jardine spoke of splits on the song, months apart in separate emails. A copy of the email chains are attached hereto as 15 and 16.

34. Mr. Naicker and Ms. Jardine eventually asked for a proposal to resolve the situation, suddenly claiming the additional writers had "regrettably" been credited by the label. A copy of the email is attached hereto as Exhibit 17. Lorraine's prior attorney responded with a list of terms to settle the issue. Mr. Naicker then sent a response that this was a matter for the label, Sony Music, so Lorraine's attorney forwarded the terms to them.

35. Lorraine received a response from SME's Hiroshan Moodley stating that SME would simply change the metadata on the relevant platforms, stating "We trust

that the above is in order." After nearly a year and a half of enforcement efforts, during which Lorraine received none of her rightful royalties, neither SME nor SMP offered to comply with any of the other terms. A copy of this email is attached hereto as Exhibit 18.

36. SME, SMP, *et. al*., still list themselves as licensors on various YouTube channels as of September 20, 2021. As well, various sites still credit others aside from Lorraine as "writers". This infringement continues. A copy of the continuing infringements is attached hereto as Exhibit 19.

37. The sameness of the performance and the striking similarity between the Infringing Work and the Song are obvious, such that an ordinary lay listener would instantly recognize the similarity between the two works. A copy of the YouTube page containing numerous comments indicating the similarity between the Work and the Infringing Work is attached hereto as Exhibit 20.

38. The similarity of the lyrics between the Infringing Work and the Song are obvious, such that an ordinary lay listener would instantly recognize the similarity between the two works.

39. Given the undisputable copying of Lorraine's Song, Defendants knew when writing, publishing, recording, releasing, advertising, transmitting, publicly performing and distributing the Infringing Work that they were infringing on a pre-existing work.

40. Defendants failed to secure a license to copy and exploit Lorraine's Song.

41. Lorraine's Song is protected by copyright but is not otherwise confidential, proprietary, or trade secret.

42. The conduct of Defendants constitutes direct, contributory, vicarious and willful copyright infringement of Lorraine's copyright. All members of the distribution chain are liable for copyright infringement, including the entities that licensed, distributed and sold the Infringing Work.

43. Defendants have, without authorization, created adaptations and derivative works of Lorraine's Song.

44. All Defendants are responsible in some manner for the events described herein and are liable to Lorraine for damages available under the Copyright Act. Defendants named herein are record labels and distributors, who were involved with the creation, release, reproduction, distribution, exploitation, licensing, and public performance of the Infringing Work, embodied in all forms of media, including videos, digital downloads, records and advertisements, all of which constitute, among other things, the improper preparation of a derivative work and direct, vicarious, and contributory infringement. As co-infringers, Defendants are jointly and severally liable for all amounts owed.

45. Each Defendant is a practical partner in the infringing acts with all other Defendants, and are thus jointly and severally liable for each other's profits. As described throughout this Complaint, each of the Defendants had an important role in the infringing activity, worked together to accomplish it or were involved in directing various aspects of many of the coordinated infringing activities, and all had a significant financial interest in the infringing activity.

46. Defendants' infringing acts were willful, knowing, and malicious and perpetrated without regard to Lorraine's rights.

47. Lorraine never gave Defendants permission or authority to copy, distribute or display the Work at issue in this case.

48. The Infringing Work was or is being streamed and/or distributed on multiple websites as of September 20, 2021. A list of websites where the Infringing Work can be found is listed in Exhibit 19.

49. Defendants continue to willfully infringe on Lorraine's Song by reproducing, displaying, transmitting, distributing, exploiting, licensing, and publicly performing the Infringing Work. The Infringing Work continues to be reproduced, sold, distributed, publicly performed, licensed, and otherwise exploited on albums, and as digital downloads, and in music videos, and in other formats and media, all without payment to Lorraine.

## COUNT I
## COPYRIGHT INFRINGEMENT

50. Lorraine incorporates the allegations of paragraphs 1 through 49 of this Complaint as if fully set forth herein.

51. Lorraine owns a valid copyright in the Work at issue in this case.

52. Lorraine registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

53. Defendants copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Lorraine's authorization in violation of 17 U.S.C. § 501.

54. Defendants performed the acts alleged in the course and scope of their business activities.

55. Defendants' acts were willful.

56. Lorraine has been damaged.

57. The harm caused to Lorraine has been irreparable.

## COUNT II
## VICARIOUS COPYRIGHT INFRINGEMENT BY DEFENDANTS

58. Lorraine incorporates the allegations of paragraphs 1 through 49 of this Complaint as if fully set forth herein.

59. Lorraine owns valid copyrights in the Work at issue in this case.

60. Lorraine registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

61. Defendants copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Lorraine's authorization in violation of 17 U.S.C. § 501.

62. From the date of the creation of the Infringing Work, all Defendants have infringed Lorraine's copyright interests in the Work, including: (a) by substantially copying and publicly performing, or authorizing the copying and public performances, including publicly performing the Infringing Work at live concerts, and on video, and otherwise; (b) by authorizing the reproduction, distribution, and sale of the records and digital downloads through the execution of licenses, and/or actually selling, manufacturing, and/or distributing the Infringing Work through various sources; (c) by substantially copying and the related advertising, marketing and promotion of the sale of the records, videos, tickets to concerts and other performances, and other merchandise; and (d) by participating in and furthering the aforementioned infringing acts, or sharing in the proceeds therefrom, all through substantial use of the Work in and as part of Infringing Work, packaged in a variety of configurations and digital

downloads, and performed in a variety of ways including radio, concerts, personal appearances, video, television, and/or otherwise.

63. Defendants have reproduced and/or distributed and continue to manufacture, reproduce and distribute large numbers of copies of the Infringing Work which violate Lorraine's copyright. Defendants have not only marketed and exploited the composition and recordings that are at issue in this lawsuit, but have granted or caused to be granted to various parties, licenses to reproduce or distribute the works that are in violation of Lorraine's copyright, including but not limited to international distribution, transmission, sale and performance of the Infringing Work.

64. Defendants had the right and ability to control other infringers and have derived a direct financial benefit from that infringement such that Defendants should be found to be vicariously liable.

65. Defendants have continued to copy, display, and distribute the Work at issue with knowledge that such acts violate Lorraine's intellectual property rights.

## COUNT III
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

66. Lorraine incorporates the allegations of paragraphs 1 through 49 of this Complaint as if fully set forth herein.

67. Defendants copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Lorraine's authorization in violation of 17 U.S.C. § 501.

68. From the date of the creation of the Infringing Work, all Defendants have infringed Lorraine's copyright interests in the Work, including: (a) by substantially copying and publicly performing, or authorizing the copying and public performances,

including publicly performing the Infringing Work at live concerts, and on video, and otherwise; (b) by authorizing the reproduction, distribution, and sale of the records and digital downloads through the execution of licenses, and/or actually selling, manufacturing, and/or distributing the Infringing Work through various sources; (c) by substantially copying and the related advertising, marketing and promotion of the sale of the records, videos, tickets to concerts and other performances, and other merchandise; and (d) by participating in and furthering the aforementioned infringing acts, or sharing in the proceeds therefrom, all through substantial use of the Work in and as part of the Infringing Work, packaged in a variety of configurations and digital downloads, and performed in a variety of ways including radio, concerts, personal appearances, video, television, and/or otherwise.

69. Defendants have reproduced and/or distributed and continue to manufacture, reproduce and distribute large numbers of copies of the Infringing Work which violate Lorraine's copyright. Defendants have not only marketed and exploited the composition and recordings that are at issue in this lawsuit, but have granted or caused to be granted to various parties, licenses to reproduce or distribute the works that are in violation of Lorraine's copyright, including but not limited to international distribution, transmission, sale and performance of the Infringing Work.

70. That, upon information and belief, Defendants are liable as contributory infringers for the copyright infringements committed via the distribution of the Work, and that such use is in violation of Lorraine's copyright.

71. That, upon information and belief, Defendants had actual and/or constructive knowledge and/or through the exercise of ordinary business care and/or the examination of public and/or business records, knew or should have known that

14

the Work was created by Lorraine, and that any use thereof was in violation of Lorraine's copyright.

72. That upon information and belief, Defendant knew or should have known that they were not authorized to use Lorraine's Work.

73. That, upon information and belief, Defendants have directly and/or indirectly caused, enabled, encouraged, facilitated, and materially contributed to the infringement(s) via the distribution of the Work.

74. That, upon information and belief, through the conduct described hereinabove, Defendants are contributorily liable for the infringements described herein.

75. That, upon information and belief, the aforementioned acts of Defendants constitute federal statutory contributory copyright infringement under Section 501 of the Copyright Act in violation of the exclusive rights granted to Lorraine as the valid copyright holder.

76. That, upon information and belief, Defendants' infringements are and have been willful, intentional, purposeful, and/or in disregard of the rights of Lorraine and have caused substantial damage to Lorraine.

77. That as a direct and proximate result of Defendants' infringements, Lorraine has been and will continue to be damaged in an amount as yet undetermined.

78. Lorraine is entitled to the maximum statutory damages under 17 U.S.C. Section 504 (c), and as an alternative to statutory damages, Lorraine, at her election prior to judgment is entitled to recover their actual damages and any additional profits of the Defendants, or one or more of them, attributable to the infringements as under 17 U.S.C. Sections 504 (a)-(b).

79. Lorraine is further entitled to damages, attorneys' fees and costs under Section 504 and 505 of the Copyright Act, 17 U.S.C. Section 101 et., seq., given the willful, intentional, malicious and bad faith nature of Defendants' copyright infringement.

80. Defendants have continued to copy, display, and distribute the Work at issue with knowledge that such acts violate Lorraine's intellectual property rights.

WHEREFORE, the Plaintiff prays for judgment against the Defendants that:

a. Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b. Defendants be required to pay Plaintiff actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504;

c. Plaintiff be awarded attorneys' fees and costs of suit under the applicable statutes sued upon;

d. Plaintiff be awarded pre- and post-judgment interest; and

e. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Alison Lorraine hereby demands a trial by jury of all issues so triable.

DATED: January 6, 2022                    Respectfully submitted,

*/s/ Jonah A. Grossbardt*
JONAH A. GROSSBARDT
MATTHEW L. ROLLIN

16

COMPLAINT FOR COPYRIGHT INFRINGEMENT                    CASE NO.: 2:22-CV-00117

**SRIPLAW**
*Attorneys for Plaintiff Alison Lorraine*